Louis NORMAN, Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–766–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 1982.

Doug O'Brien, Houston, for appellant.

Timothy Taft, Carl Hobbs, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of aggravated robbery. The question presented is whether the trial court should have allowed appellant to withdraw his plea of guilty upon an alleged breach by the State of a plea bargain agreement. Finding that the State did not in fact breach the plea bargain agreement, we affirm the conviction. We also reform the judgment and sentence to reflect the fine assessed by the trial court.

Louis Norman (Norman or appellant) was one of three men indicted for capital murder and aggravated robbery in connection with an incident occurring on October 17, 1979. The facts of the incident are not pertinent to the question before us. Norman entered into a plea bargain agreement with the State. The terms of the agreement provided that (1) the State would abandon pursuit of the capital murder paragraph of the indictment and would make no recommendation concerning punishment; (2) Norman would enter a plea of guilty to the aggravated robbery paragraph of the indictment; and (3) Norman would cooperate and testify in the trial of Michael Goodman (Goodman), one of the other men involved in the incident.

Norman cooperated with the District Attorney's Office prior to the trial of Goodman, but he refused to testify. Such refusal was based on the allegation that he was placed in the same cell or in close proximity to Goodman on several occasions and as a result feared for his personal safety. At the hearing before the court on his punishment, Norman claimed these actions constituted a breach of the agreement by the State. The court, after hearing the evidence and considering a pre-sentence investigation report, announced punishment to be life imprisonment in the Texas Department of Corrections and a $10,000 fine. Appeal was perfected to this Court.

■ In his only ground of error appellant claims his plea should have been withdrawn by the court sua sponte pursuant to Tex. Code Crim.Pro.Ann. art. 26.13 (Vernon Supp.1982). However, the statutory provision relied upon by appellant applies to situations in which the trial court refuses to follow an agreed recommendation pursuant to a plea bargain agreement. When the question is whether the State breached its plea bargain agreement with appellant, the review must be in light of *Santobello v.*

*New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.1979). In *Santobello v. New York, supra* 404 U.S. at 262, 92 S.Ct. at 498, the United States Supreme Court held:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

 In the case before us the State did not breach the agreement. The capital murder paragraph of the indictment was never pursued and no recommendation was made by the prosecutor.[1] Appellant contends the agreement implied the State would not engage in conduct such as placing him in the cell with the alleged capital murderer against whom he was about to testify. This contention is irrelevant in view of the fact that even if appellant had testified the State could be required to do nothing more to fulfill its obligation under the agreement. *See Joiner v. State,* 578 S.W.2d 739 (Tex.Cr.App.1979). Appellant's first ground of error is overruled.

 The State brings to our attention the fact that the judgment and sentence recite a fine of $1,000 while the transcription of the court reporter's notes, as approved, and the docket sheet show the punishment assessed in open court included a fine of $10,000. Where this Court has all information and evidence necessary for reformation, the judgment and sentence may be reformed on appeal. *Brewer v. State,* 572 S.W.2d 719 (Tex.Cr.App.1978). The judgment and sentence are thus reformed to reflect the $10,000 fine assessed by the trial court. *Harris v. State,* 565 S.W.2d 66 (Tex.Cr.App.1978).

The judgment is reformed to reflect a fine of $10,000 instead of $1,000 and the conviction, as reformed, is affirmed.

1. It was the prosecutor's position that he should be allowed to make a recommendation because appellant had breached the plea bargain agreement by failing to testify. However, such request was denied by the trial court.