**Joe E. BLANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–0087–218–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 6, 1988.

Walter Mahoney, Jr., Lester Rorick, Pasadena, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was convicted in county criminal court of disorderly conduct by intentionally making unreasonable noise in a public place, a Class C misdemeanor, Tex. Penal Code Ann. § 42.01(a)(5) (Vernon Supp.1988). The jury assessed a fine of $150.00 and appellant, in three points of error, challenges the statute under which he was convicted as being unconstitutionally vague and overbroad. In his final point of error, he seeks reversal because the judgment does not reflect the jury's verdict as to the fine assessed by it. We find the statute constitutional, that it does not impede constitutionally protected conduct, nor is it impermissibly vague as to appellant's conduct. Further, we find the record reflects that a jury verdict assessing a fine was entered in the lower court. Accordingly, we reform the judgment to reflect that

verdict and affirm the lower court's decision.

Appellant was arrested at his apartment complex for disorderly conduct after he refused numerous requests by his neighbors, the management, and the arresting officer to turn down his stereo. He positioned his stereo speakers on his apartment porch in such a manner as to direct the sound of his rock music toward the swimming pool area of the apartment complex. He adjusted the volume of his music selections upward to such an extent that other residents complained about having to share his musical preferences. Vibrations from the sound of his music were experienced by his neighbors in a building separate from his own. Several of his neighbors complained to the apartment manager. The manager, the apartment security officer, and the deputy sheriff each in turn requested that he turn down the volume. He, in turn, rejected each of their requests to reduce the sound of his chosen music. This resulted in his arrest and his subsequent convictions, first by a jury in a justice of the peace court and then on appeal by a jury in a county criminal court trial de novo. The State prosecuted him under Tex.Penal Code Ann. § 42.01(a)(5) (Supp. 1988), which reads:

> A person commits an offense if he intentionally or knowingly ... makes unreasonable noise in a public place or in or near a private residence that he has no right to occupy.

Appellant now asserts before us that his conduct was constitutionally protected because this statutory provision concerning unreasonable noise is facially overbroad and vague.

■ The State has, within its police power, the right to protect the tranquility, quiet enjoyment, and well-being of the community. *Kovacs v. Cooper,* 336 U.S. 77, 69 S.Ct. 448, 451, 93 L.Ed. 513 (1949) (holding "loud and raucous noises" sufficiently specific); *See Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (holding anti-noise statute constitutional); *Reeves v. McConn,* 631 F.2d 377 (5th Cir.1980) (holding constitutional a

sound amplification statute defined by "unreasonably loud, raucous, jarring, disturbing or a nuisance"). This right of the State is limited only by individual constitutional rights, such as First Amendment free speech. *See Clark v. State,* 665 S.W. 2d 476, 482 (Tex.Crim.App.1984). Consequently, where a statute impacts constitutional rights, we must analyze the breadth of the statute to determine if the impact is constitutional.

■ In analyzing a facial challenge to the overbreadth of a law, we must first determine if the statute reaches a substantial amount of constitutionally protected conduct. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 2918; 37 L.Ed.2d 830 (1973); *Clark v. State,* 665 S.W.2d 476 (Tex.Crim. App.1984). The present statute does not. Any conduct which consists of speech or other communication is shielded from the unreasonable noise provision by a sister statute which creates a defense where any conduct consists of:

> ... speech or other communication, of gathering with others to hear or observe such speech or communication, or of gathering with others to picket or otherwise express in a nonviolent manner a position on social, economic, political, or religious questions....

Tex.Penal Code Ann. § 42.04 (Vernon 1974). Hence, this statute effectively limits the reach of the unreasonable noise provision when constitutionally protected speech or conduct is at issue.

Even without the speech defense of § 42.04, courts have held that unreasonable noise is not protected speech. *See Commonwealth v. Mastrangelo,* 414 A.2d 54, 489 Pa. 254, *appeal dismissed,* 449 U.S. 894, 101 S.Ct. 259, 66 L.Ed.2d 124 (1980); *Reeves v. McConn,* 631 F.2d 377 (5th Cir. 1980); *Pringle v. Court of Common Pleas,* 778 F.2d 998 (3rd Cir.1985) *discussing Commonwealth v. Mastrangelo, supra.* Appellant alternatively argues that the statute could impact commercial speech, much like a public address system or reli-

gious service. However, "it is irrelevant whether the ordinance has an overbroad scope encumbrancing protected commercial speech of other persons, as the overbreadth doctrine does not apply to commercial speech." *Hoffman Estates*, 102 S.Ct. at 1192; *Clark v. State*, 665 S.W.2d at 482. As this statute threatens no constitutional conduct or speech, appellant's overbreadth challenge must fail. Accordingly, we overrule appellant's third point of error.

■ In addition to free speech protections, the State's police power to protect the quiet environs is further limited by requiring "fair notice" that the contemplated conduct is prohibited by statute. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Morgan v. State*, 557 S.W.2d 512 (Tex.Crim.App.1977). Appellant asserts lack of fair notice in his challenge to the noise provision for facial vagueness.

■ If a statute does not implicate any constitutionally protected conduct or speech, it is valid unless it is impermissibly vague in all applications. *Hoffman Estates*, 102 S.Ct. at 1191; *Clark v. State*, 665 S.W.2d at 482. Though based on fairness, the vagueness doctrine "is not a principal designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." *Colten v. Commonwealth of Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972).

■ The appellant correctly points out that vague laws offend the Constitution by allowing arbitrary and discriminatory enforcement, by failing to provide fair warning, and by inhibiting the exercise of First Amendment freedoms. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). However, when appellant's conduct, as here, falls so clearly within the proscribed activity, he cannot complain of the law's vagueness as applied to others. *Hoffman Estates*, 102 S.Ct. at 1194; *Clark v. State;* 665 S.W.2d at 482. He has the burden to show the operation of

the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient. *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. [Panel Op.] 1981). He has failed in this regard. Appellant created so much noise that buildings vibrated and residents complained. We find his conduct was clearly within the core of activity proscribed by the statute.

Appellant's argument that prescribed decibel levels should be a part of the statute to give fair warning as to prohibited noise level is rigid and inflexible. Instead, the test is whether the conduct is compatible with the normal activity of a specific place at a specific time. *Grayned*, 92 S.Ct. at 2303. The Texas Legislature has chosen to reflect this test with the word "unreasonable." Since we are limited to the use of words, we can never demand mathematical certainty from our language. *Grayned*, 92 S.Ct. at 2300. Because of this, the Courts apply a less stringent test of vagueness where a statute does not affect constitutionally protected rights. Additionally, the noise provision's intent requirement mitigates any possible vagueness and further narrows the meaning of the statute. *Hoffmann v. Estates*, 102 S.Ct. at 1193–94. This narrowness ensures that those of ordinary intelligence have "reasonable opportunity to know what is prohibited" and ensures that no discriminatory enforcement is likely to occur. *Colten v. Commonwealth of Kentucky*, 92 S.Ct. at 1957; *Al–Omari v. State*, 673 S.W.2d 892, 896 (Tex.App.—Beaumont 1983, pet. ref'd).

It is clear that appellant had adequate notice that his conduct was proscribed. He had a clear choice between acting lawfully or unlawfully. He refused numerous requests to turn down his stereo, and there is testimony he challenged the apartment manager to turn it down for him. Indeed, the facts indicate that appellant knew the loudness of the speakers was in violation of the law because he turned down the volume when he saw the officer return for the second time. His conduct falls clearly within the core of conduct proscribed by

the statute. He cannot now claim lack of fair warning that he was at criminal risk. *Kew v. Senter*, 416 F.Supp. 1101, 1105 (N.D.Texas 1976).

While § 42.01(a)(5) fails to define "unreasonable noise," words not defined are to be given their plain meaning. *Floyd v. State*, 575 S.W.2d 21, 23 (Tex.Crim.App. [Panel Op.] 1978); *Lear v. State*, 753 S.W.2d 737, 740 (Tex.App.—Austin 1988, no pet.). Noise commonly means a loud, confused, or senseless outcry, or a sound noticeably loud, harsh, or discordant. *Webster's Third New International Dictionary*, 1533 (1967). Unreasonable is modified by intentionally or knowingly and is an objective, reasonable man standard.

Appellant argues the vagueness of the noise provision allows for impermissible levels of police discretion. The statute, however, does not allow for broad discriminatory or subjective enforcement of the statute; it does allow some degree of police judgment, but that degree is confined to the reasonableness of the noise and the demonstrated intent of the violator. *See Grayned*, 92 S.Ct. at 2302. Any statute, save those of strict liability, necessarily involves police discretion for enforcement. The present disorderly conduct statute likewise involves police discretion in maintaining the public peace while guaranteeing to every citizen fair notice of proscribed conduct. The appellant clearly understood the conduct was prohibited. He chose instead to deliberately violate the statute. We overrule appellant's first and second points of error.

In his final point of error, appellant asserts that the judgment is void because it does not reflect the jury's verdict. The formal judgment reflects the verdict as to appellant's guilt, but omits the fine assessed by the jury. However, the record clearly indicates, and the appellant admits, that the fine assessed was $150.00. Under Rule 80 of the Texas Rules of Appellate Procedure, this Court has the power to modify the lower court's judgment by reforming or correcting it. We have before us enough evidence and information to reform the judgment to reflect the fine as-

sessed by the jury. *Stokes v. State*, 688 S.W.2d 539, 542 (Tex.Crim.App.1985); *Knight v. State*, 581 S.W.2d 692, 694 (Tex. Crim.App. [Panel Op.] 1979). Accordingly, we hereby reform the lower court's judgment by inserting after the following words contained in the judgment: "on the 16 day of February, A.D.1987, returned into open court the following verdict, which was received by the Court and is here entered of record upon the minutes:," the following words: "We, the Jury, having found the Defendant guilty as charged assess his punishment at a fine of $150.00."

As so reformed, the judgment is affirmed.