Marcella Regina **BOWIE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–91–152 CR.

Court of Appeals of Texas,
Beaumont.

Nov. 25, 1992.

---

Theodore R. Johns, Sr., Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the misdemeanor offense of Disorderly Conduct—Noise.[1] Following a jury's verdict of "guilty," the trial court assessed

---

1. This was a trial *de novo* in County Court at Law #2 following appellant's conviction at the municipal court level for the same offense. *See* TEX.CODE CRIM.PROC.ANN. art. 45.10 (Vernon Supp. 1992).

appellant a fine of $50. Appellant's sole point of error on appeal is presented to us as follows:

Section 42.01 (AO (sic) (5) (Noise) of the Texas Penal Code under which appellant is charged is unconstitutionally vague.

TEX.PENAL CODE ANN. sec. 42.01(a)(5) (Vernon Supp.1992) provides that a person commits an offense if he intentionally or knowingly makes unreasonable noise in a public place other than a sport shooting range, as defined by Section 250.001, Local Government Code, or in or near a private residence that he has no right to occupy. Appellant argues that the term "makes unreasonable noise" fails to put a person on notice as to what type of noise is forbidden and, therefore, is void. Appellant also argues that the statute's vagueness also encourages arbitrary and erratic arrests and convictions. In support for these general propositions of law, appellant relies on *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). *Papachristou* is certainly still viable precedent as far as it goes. Appellant does not provide us with any type of discussion as to how *Papachristou* is particularly applicable to the facts and circumstances surrounding the instant case.

With regard to appellant's argument that "makes unreasonable noise" is vague, the Supreme Court appears to take a contrary view. In *Cameron v. Johnson,* 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), the Court, responding to a defendant's vagueness complaint as to a picketing ordinance, provided the following semantic insights:

But the statute prohibits only "picketing ... in such a manner as to obstruct or unreasonably interfere with free *ingress* or *egress* to and from any ... county ... courthouses...." The terms "obstruct" and "unreasonably interfere" plainly require no "guess[ing] at [their] meaning." Appellants focus on the word "unreasonably." It is a widely used and well understood word and clearly so when *juxtaposed* with "obstruct" and "interfere." We conclude that the statute clearly and precisely delineates its reach in words of common understanding. (footnotes omitted)

*Cameron, supra* 390 U.S. at 616, 88 S.Ct. at 1338, 20 L.Ed.2d at 187.

Furthermore, appellant completely ignores the language contained in TEX.PENAL CODE ANN. sec. 42.04 (Vernon 1989).[2] Section 42.04 provides, among other things, a defense to prosecution under sec. 42.01(a)(5) if the conduct consists of speech or "other communication." In such circumstances, an individual may not be arrested unless first ordered to remedy the violation by the proper authorities. We interpret the 42.04 defense, for 42.01(a)(5) purposes, as requiring the police to inform the individual that he/she must cease the loud or disturbing nature of the speech or communicative act and if the individual does not comply with that request he/she will be subject to arrest. In the instant case, the record reflects that police were called to an apartment complex in reference to a disturbance. Upon arrival, the police observed appellant "screaming and hollering to the top of her lungs" as well as kicking on a door just outside one of the apartments. The police warned appellant that if she did not stop the noise she would be arrested. The police left in their patrol units but within five minutes were dispatched back

---

**2.** Section 42.04 provides:

(a) If conduct that would otherwise violate Section 42.01(a)(5) (Unreasonable Noise) or 42.03 (Obstructing Passageway) of this code consists of speech or other communication, of gathering with others to hear or observe such speech or communication, or of gathering with others to picket or otherwise express in a nonviolent manner a position on social, economic, political, or religious questions, the actor must be ordered to move, disperse, or otherwise remedy the violation prior to his arrest if he has not yet intentionally harmed the interests of others which those sections seek to protect.

(b) The order required by this section may be given by a peace officer, a fireman, a person with authority to control the use of the premises, or any person directly affected by the violation.

(c) It is a defense to prosecution under Section 42.01(a)(5) or 42.03 of this code:

(1) that in circumstances in which this section requires an order no order was given;

(2) that an order, if given, was manifestly unreasonable in scope; or

(3) that an order, if given, was promptly obeyed.

to the scene. Again appellant was observed screaming and yelling at someone inside one of the apartments. Appellant was then placed under arrest.

We hold that the statute in question, sec. 42.01(a)(5), when read in connection with sec. 42.04, gives a person of ordinary intelligence fair notice of the proscribed conduct. We also hold that sec. 42.01(a)(5), read in connection with sec. 42.04, does not encourage arbitrary and erratic arrests and convictions. As such, sec. 42.01(a)(5) does not violate the United States Constitution.[3] Appellant's point of error is overruled, and the judgment and sentence of the trial court is affirmed.

AFFIRMED.

---

**3.** As appellant's only authority is one U.S. Supreme Court case, we presume his complaint is grounded in the United States Constitution. In citing us to no Texas cases, statutory law, or constitutional provisions, appellant has waived any complaints as far as the Texas Constitution is concerned. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991).