No. 04-00-00348-CR


Marion THOMPSON,

Appellant


v.


The STATE of Texas,

Appellee


From the County Court at Law No. 3, Bexar County, Texas

Trial Court No. 106,192

Honorable Shay Gebhardt, Judge Presiding


Opinion by: Tom Rickhoff, Justice

 

Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: January 17, 2001


AFFIRMED


 A jury convicted appellant, Marion Thompson, of making unreasonable noise, under the Texas
Disorderly Conduct statute, and assessed a $250 fine. Appellant raises numerous constitutional and
procedural challenges to the trial court's judgment; however, we find that the appellant's
constitutional rights were not violated and the trial court's errors, if any, were harmless. Therefore,
we affirm.

BACKGROUND

 On a Saturday morning in April 1998, appellant and fifteen others were protesting in front of
an abortion clinic. The protesters were praying, preaching, and carrying signs. A female protester
spoke through an electronic megaphone, and the appellant spoke through a large cardboard
megaphone, similar to the type used by cheerleaders.

 Eventually, someone inside the clinic called the police. By the time the police arrived, only
five or six protesters remained. One of the officers, Robert Urdiales, told the appellant and the
woman using the electronic megaphone they were causing a disturbance and he asked them to stop
using their megaphones. The woman stopped using her megaphone, but continued her protest. She
was not told to stop protesting. The appellant refused to stop using his megaphone, and he was
arrested pursuant to the Texas Disorderly Conduct statute. See Tex. Pen. Code Ann. § 42.01(a)(5)
(Vernon Supp. 2000). (1) He was the only protester arrested.CONSTITUTIONALITY OF TEXAS PENAL CODE SECTION 42.01(a)(5)

 Appellant asserts Section 42.01(a)(5) is unconstitutional, both prima facie and as applied to
him, under the First Amendment to the United States Constitution and Article I, sections 6 and 8 of
the Texas Constitution. As with any statute, we begin with the presumption of constitutionality.
Tex. Gov't. Code Ann. § 311.121 (Vernon 1998).

 Before addressing the substance of appellant's argument, we conclude that we need not
address appellant's Texas constitutional claims. Appellant has proffered no argument or authority
concerning the protection provided by the Texas Constitution or how that protection differs from the
protection provided by the United States Constitution. State and federal constitutional claims should
be argued in separate grounds, with separate substantive analysis or argument provided for each
ground. Muniz v. State, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993); Heitman v. State, 815
S.W.2d 681, 690-91 n. 23 (Tex. Crim. App. 1991). We will not make appellant's state constitutional
arguments for him. Munoz, 851 S.W.2d at 252.

Whether Section 42.01(a)(5) is Overbroad 

 Appellant contends Section 42.01(a)(5) is overbroad because it denies him his constitutional
right of free speech.

 It is within the State's police power to protect the tranquility, quiet enjoyment, and well-being
of the community. Reed v. State, 794 S.W.2d 806, 808 (Tex. App.--Houston [14th Dist.] 1990, pet.
ref'd); Blanco v. State, 761 S.W.2d 38, 40 (Tex. App.--Houston [14th Dist.] 1988, no pet.). This
right of the State is limited only by individual constitutional rights, such as First Amendment free
speech. Blanco, 761 S.W.2d at 40. Consequently, in analyzing a facial challenge to the overbreadth
of a law, we first determine if the statute reaches a substantial amount of constitutionally protected
conduct. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.
Ct. 1186, 1191 (1982); Blanco, 761 S.W.2d at 40. The present statute does not. Blanco, 761
S.W.2d at 40.

 Section 42.01(a)(5) punishes conduct that results in "unreasonable noise" in a public place
or in or near a private residence. However, any such conduct that consists of speech or other
communication is shielded from Section 42.01(a)(5) by a sister statute that creates a defense where
any conduct consists of "speech or other communication, of gathering with others to hear or observe
such speech or communication, or of gathering with others to picket or otherwise express in a
nonviolent manner a position on social, economic, political, or religious questions . . . ." Tex. Penal
Code Ann. § 42.04 (Vernon 1994). Section 42.04 requires that the actor "be ordered to move,
disperse, or otherwise remedy the violation prior to his arrest if he has not yet intentionally harmed
the interests of others which [Sections 42.01(a)(5) or 42.03] seek to protect." Id. Therefore, Section
42.04 effectively limits the reach of the unreasonable noise provision when constitutionally protected
speech or conduct is at issue. Blanco, 761 S.W.2d at 40; Bowie v. State, 841 S.W.2d 963, 964 (Tex.
App.--Beaumont 1992, no pet.); see also Reed, 794 S.W.2d at 808 (holding that Section 42.03
("Obstructing Highway or Other Passageway") was not overbroad because of protection afforded
by Section 42.04). Further, even without the speech defense of Section 42.04, courts have held that
unreasonable noise is not protected speech. See Blanco, 761 S.W.2d at 40 and cases cited therein.
Because Section 42.01(a)(5) does not threaten constitutional conduct or speech, appellant's
overbreadth challenge must fail. Id. at 41 (holding that Section 42.01(a)(5) was not overbroad).

Whether Section 42.01(a)(5) is Vague

 Appellant asserts the term "unreasonable noise" is vague because its meaning varies with each
listener and invites arbitrary and discriminatory police enforcement. 

 A law that does not reach constitutionally protected conduct and therefore satisfies the
overbreath test may nonetheless be challenged on its face as unduly vague, in violation of due
process. Hoffman Estates, 102 S. Ct. at 1193. A statute is void for vagueness if it fails to give a
person of ordinary intelligence fair notice that the statute forbids the contemplated conduct and if it
encourages arbitrary and erratic arrests and convictions. Papachristou v. City of Jacksonville, 405
U.S. 156, 162, 92 S. Ct. 839, 843 (1972). Though based on fairness, the vagueness doctrine "is not
a principal designed to convert into a constitutional dilemma the practical difficulties in drawing
criminal statutes both general enough to take into account a variety of human conduct and sufficiently
specific to provide fair warning that certain kinds of conduct are prohibited." Colten v.
Commonwealth of Kentucky, 407 U.S. 104, 92 S. Ct. 1953, 1957 (1972). 

 Because we are limited to the use of words, we can never demand mathematical certainty
from our language. Grayned v. City of Rockport, 408 U.S. 104, 92 S. Ct. 2294, 2300 (1972). While
Section 42.01(a)(5) does not define "unreasonable noise," words not defined are to be given their
plain meaning. Blanco, 761 S.W.2d at 42. "Noise" commonly means a loud, confused, or senseless
outcry; a sound noticeably loud, harsh, or discordant; or a din or uproar of persons. Webster's
Third New International Dictionary, 1533 (1981). "Unreasonable" is modified by intentionally
or knowingly and is an objective, reasonable man standard. Blanco, 761 S.W.2d at 42. The intent
requirement mitigates any possible vagueness and further narrows the meaning of the statute.
Hoffmann Estates, 102 S. Ct. at 1193-94. This narrowness ensures that those of ordinary intelligence
have reasonable opportunity to know what is prohibited and ensures that no discriminatory
enforcement is likely to occur. Blanco, 761 S.W.2d at 41 (holding that Section 42.01(a)(5) was not
vague); Bowie, 841 S.W.2d at 964-65 (same).

 Further, Section 42.01(a)(5) does not allow for broad discriminatory or subjective
enforcement. Although it does allow some degree of police judgment, that degree is confined to the
reasonableness of the noise and the demonstrated intent of the violator. Blanco, 761 S.W.2d at 42;
see also Grayned, 92 S. Ct. at 2302 (vagueness dispelled by ordinance's requirement that acts be
"willfully done"). Any statute, save those of strict liability, necessarily involves police discretion for
enforcement. Blanco, 761 S.W.2d at 42. The Texas Disorderly Conduct statute likewise involves
police discretion in maintaining the public peace while guaranteeing to every citizen fair notice of
proscribed conduct. Id. 

 The appellant had adequate notice that his continued use of the megaphone was prohibited.
He had a clear choice between acting lawfully or unlawfully; he chose to continue using his
megaphone. His conduct falls within the core of conduct proscribed by Section 42.01(a)(5). He
cannot now claim lack of fair warning that he was at criminal risk. 

DENIAL OF MOTION FOR CONTINUANCE

 Appellant asserts the trial court erred in denying his motion for continuance because three
witnesses violated subpoenas and did not appear. Appellant argues the trial court's denial of his
motion for continuance is constitutional error because it violates his right of confrontation and right
to compulsory process. Tex. R. App. P. 44.2(a) (Constitutional Error). 

 While nearly any error can be said to somehow involve a constitutional right, the error
complained of here is not granting a continuance of trial. A motion for continuance is regulated by
statute. See Tex. Code Crim. Proc Ann. art. 29.01, et. seq. (Vernon 1989 & Supp. 2000).
Because the right to a continuance is a statutory right, not a constitutional right, harm analysis must
be conducted under Rule 44.2(b). Under this appellate standard, reversal is required only if the
appellant's substantial rights were adversely affected. 

 Granting or denying a motion for continuance is within the sound discretion of the trial court.
See Article 29.01, et. seq.; Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996);
Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). In order to establish an abuse of
the trial court's discretion, an appellant must show that the denial of his motion resulted in actual
prejudice. Janecka, 937 S.W.2d at 468. Appellant asserts he should have been allowed to question
the other officers at the scene to establish why he was arrested and to contradict Urdiales' testimony
that he "bumped" another officer. However, appellant has not established any specific harm arising
from the trial court's denial of his motion for continuance. Appellant's conclusory statement that he
was harmed because he was denied the right to present a defense does not establish that the trial court
abused its discretion.

STATE'S QUESTIONS REGARDING CHOICE OF COUNSEL

 The State asked the appellant why he would not enter a plea without counsel. Defense
counsel objected, and the objection was sustained. When the State continued the line of questioning,
defense counsel again objected. The trial court overruled the objection. Appellant argues, in a
conclusory fashion, that the trial court's ruling amounted to constitutional error. Appellant offers no
authority to support this contention, and has waived error. Tex. R. App. P. 38.1(h). 

DIRECTED VERDICT

 At the close of the State's case-in-chief, appellant asked for a directed verdict, which was
denied. Appellant contends the State did not prove he intentionally and knowingly made
unreasonable noise or that a person in a private residence actually heard the noise.

 The standard for review applicable to a motion for directed verdict is the same as that used
in reviewing the legal sufficiency of the evidence. Havard v. State, 800 S.W.2d 195, 199 (Tex. Crim.
App. 1989). The reviewing court must consider all the evidence in the light most favorable to the
verdict and ask whether any rational trier of fact could have found beyond a reasonable doubt all the
elements of the offense. Id.

 Contrary to appellant's assertions, Section 42.01(a)(5) does not require proof that a
homeowner actually heard the complained-of noise. Section 42.01(a)(5) requires only that the
unreasonable noise be "in or near a private residence" that the defendant has no right to occupy.
Officer Urdiales testified that the unreasonable noise occurred outside an abortion clinic that was
located about 50 feet from a mobile home park. Urdiales said if he had been asleep inside one of the
mobile homes, the noise would have awakened him. Urdiales participated in a demonstration with
the prosecutor, using the appellant's megaphone, to show the jury the level of noise made by the
appellant. The clinic's administrator testified the noise was so loud inside the clinic that the doctor
had to speak louder to be heard by the patients, and one of the patients put her hands over her ears.

 The State also produced evidence that the appellant intentionally and knowingly made
unreasonable noise. Urdiales told appellant that he was making unreasonable noise and asked him
to stop using the megaphone. Appellant refused. 

 The evidence was sufficient for a rational trier of fact to have found beyond a reasonable
doubt that appellant intentionally and knowingly made unreasonable noise at or near a private
residence.EXPERT TESTIMONY

 Defense counsel called Ruben Castillo, a City of San Antonio Code Compliance officer as an
expert witness. The trial court did not allow Castillo to testify as an expert. On appeal, appellant
contends that because the jury was not allowed to hear Castillo's testimony, he was denied the
opportunity to demonstrate that an objective measurement of noise decibels could have been taken
at the time of his arrest.

 The admissibility of evidence under Texas Rules of Evidence 403 (2) and 702 (3) is determined by
the trial court, and that determination will not be reversed on appeal unless the trial court abused its
discretion. Ortiz v. State, 834 S.W.2d 343, 346-47 (Tex. Crim. App. 1992); see also Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). The question of whether a witness offered
as an expert possesses the required qualifications rests largely in the trial court's discretion. Penry
v. State, 903 S.W.2d 715, 762 (Tex. Crim. App. 1995). Absent a clear abuse of that discretion, the
trial court's decision to admit or exclude testimony will not be disturbed. Id. The threshold
determination for a trial court to make regarding the admission of expert testimony is whether that
testimony will help the trier of fact understand the evidence or determine a fact in issue. Duckett v.
State, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990). The party proffering the expert witness bears
the burden of showing that the witness is qualified on the specific matter in question. Penry, 903
S.W.2d at 766.

 Defense counsel attempted to lay a foundation for Castillo's expertise regarding noise.
However, Castillo's testimony indicated that his expertise lay in reading noise decibel levels, not in
noise generally. Because there was no decibel level reading in this case, and Section 42.01(a)(5) does
not contain such a requirement, the trial court did not abuse its discretion in determining Castillo's
testimony was not relevant and would not assist the jury.

THE STATE'S QUESTIONS

 The appellant asserts the trial court erred in allowing the State to (1) accuse him of being a
stalker, (2) question him about an unrelated subsequent event, and (3) ask him whether he owned or
had ever used a gun. Appellant contends the trial court's rulings were error because the sole purpose
behind the State's questions was to "infuriate the jury," thus denying him a fair trial.

 A reviewing court should disregard the erroneous admission of evidence if the overwhelming
evidence indicates that the erroneous evidence did not adversely affect the jury's verdict, or had only
a slight effect on the jury's verdict. Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).
However, "it is the effect of the error and not the other evidence that must dictate the reviewing
court's judgment." Id. at 588. In exercising its judgment, the Harris Court instructed the reviewing
court to consider: (1) the source of the error, (2) the nature of the error, (3) whether or to what
extent it was emphasized by the State, (4) the probable collateral consequences of the error, (5) how
much weight a juror would probably place on an error, and (6) whether declaring the error harmless
would encourage the State to repeat it with impunity. Id. at 587. 

 Here, there was ample evidence to support the jury's verdict. The source of the error, if any,
was the trial court because the alleged error was brought to the court's attention by defense counsel's
objections. There is little likelihood the error will be repeated with impunity given that the prosecutor
never mentioned the so-called "stalking" incident or appellant's ownership of a gun during closing
argument. After looking at the record as a whole, we conclude that any potential impact of the
testimony was, at best, slight. Consequently, any error committed by the trial court in admitting the
evidence was harmless.

THE JURY CHARGE

 The appellant asserts the trial court erred in denying his request for jury instructions (1) on
his rights under the United States and Texas Constitutions regarding free speech, free exercise of
religion, and assembly; (2) informing the jury of an "unreasonable noise presumption"; (4) and (3)
allowing the jury to consider why certain witnesses were unavailable at trial.

 Appellant argues, in a conclusory fashion, that the trial court's rulings amounted to reversible
error. Appellant offers no authority to support this contention, and has waived error. Tex. R. App.
P. 38.1(h). 

CONCLUSION

 We overrule appellant's points of error and affirm the trial court's judgment.


 Tom Rickhoff, Justice

DO NOT PUBLISH
1. Section 42.01(a)(5) makes it a crime if an individual, intentionally or knowingly, "makes unreasonable noise
in a public place other than a sport shooting range, as defined by Section 250.001, Local Government Code, or in or
near a private residence that he has no right to occupy." Tex. Pen. Code Ann. § 42.01(a)(5) (Vernon Supp. 2000).
2. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence." Tex. R. Evid. 403.
3. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence
or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education,
may testify thereto in the form of an opinion or otherwise." Tex. R. Evid. 702.




4. The appellant requested the following instruction: "A person is presumed to have made 'unreasonable noise'
if after he receives notice from a magistrate or a peace officer, he makes a noise that exceeds 85 decibels."