Affirmed, as Reformed, and Opinion filed October 5, 2006








Affirmed, as Reformed, and Opinion filed October 5, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00668-CR

____________

 

ROOSEVELT CROSBY, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 942,470

 



 

O P I N I O N

Appellant, Roosevelt Crosby, Jr., appeals his conviction
for possession with intent to deliver a controlled substance, namely, cocaine,
weighing at least 400 grams, including any adulterants and dilutants, on his
plea of guilty, and his 30-year sentence.  In his sole point of error in this
appeal, appellant claims the trial court abused its discretion in denying his
motion to suppress.  We affirm the judgment, as reformed.








                                                  Background

The trial court held a hearing on appellant=s motion to
suppress.  Harris County Sheriff= Deputy John
Palermo testified that at the time of the offense, he was assigned to the K-9 Division
and was on patrol with his canine partner, Duna.  At 3:49 p.m., on March 15,
2003, he stopped appellant after having observed him driving a vehicle with no
front license plate.  Palermo approached appellant=s vehicle, advised
him of the traffic violation, and requested his driver=s license and
proof of insurance.  When appellant handed his driver=s license over,
Palermo noticed that his hand was trembling.  

Palermo asked the dispatcher to check appellant=s driver=s license and for
any open warrants on appellant.  When asked, appellant said he and his son, who
was in the vehicle with appellant, were on their way home from a basketball
game.  Palermo told appellant he was going to issue a warning citation.  While
issuing the citation, Palermo asked appellant if he had ever been in jail. 
When appellant responded that he had, he stuttered and his breathing became Avery rapid.@  

Palermo thought appellant=s apparent
nervousness was due to the existence of open warrants or because he might have
a weapon in his vehicle.  Palermo asked appellant for consent to search the
vehicle.  Appellant did not give Palermo a direct answer, but said he had not
done anything wrong.  

Palermo called for assistance and, after the backup unit
arrived, he had his canine partner, Duna, run the vehicle.  After Duna alerted,
Palermo asked appellant if anyone with narcotics had been in his vehicle. 
Appellant responded there were no narcotics in his vehicle.  The dispatcher
then informed Palermo there were no warrants on appellant.  Based on Duna=s alert, Palermo
then searched appellant=s vehicle, including the trunk, where he
found a black backpack containing a roll of duct tape, two brick-shaped
objects, which turned out to be two kilos of cocaine, and a crack cocaine Acookie.@  Appellant had
$2800 in his pocket. 








                                            Motion to Suppress

Appellant asserts the trial court abused its discretion in
denying his motion to suppress. We review the trial court=s ruling on a
motion to suppress for an abuse of discretion.  Dyar v. State, 125
S.W.3d 460, 462 (Tex. Crim. App. 2003).  At the hearing on the motion to
suppress, the trial court is the sole judge of the weight and credibility of
the evidence.  Wood v. State, 18 S.W.3d 642, 646 (Tex. Crim. App.
2000).  When there are no explicit findings of historical fact, we review the
evidence in the light most favorable to the trial court=s ruling and
assume that the trial court made implicit findings of fact supported in the
record.  Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005); Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).  

The decision to stop an automobile is reasonable where the
police have probable cause to believe that a traffic violation has occurred.  Walter
v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); Garcia v. State,
827 S.W.2d 937, 944 (Tex. Crim. App. 1992).  A routine traffic stop resembles
an investigative detention.  Berkemer v. McCarty, 468 U.S. 420, 439
(1984).  An investigative detention is a seizure for Fourth Amendment
purposes.  Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim. App.
1996).  To determine the reasonableness of an investigative detention, we apply
the two-pronged Terry[1]
test:  (1) whether the officer=s action was justified at its inception
and (2) whether it was reasonably related in scope to the circumstance that
justified the initial interference.  Davis v. State, 947 S.W.2d 240, 242
(Tex. Crim. App. 1997) (citing Terry, 392 U.S. at 19B20).  

Under the first prong of the Terry test, the police
officer must have reasonable suspicion.  Id. at 242B43.  Reasonable
suspicion exists if the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead the officer to
reasonably conclude that a particular person actually is, has been, or will
soon be engaged in criminal activity.  Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005).  








The second prong of the Terry test concerns the
scope of the detention.  Davis, 947 S.W.2d at 243.  An investigative
detention must be temporary, lasting no longer than is necessary to effectuate
the purpose of the stop.  Id. at 245.  Investigative methods used should
be the least intrusive reasonably available to dispel the officer=s suspicion in a
short period of time.  Id.  The propriety of the duration of the stop is
determined by assessing whether the police diligently pursued a method of
investigation that was likely to dispel or confirm their suspicions quickly.  Id. 


Palermo stopped appellant for driving a vehicle without a
front license plate as required under Texas law.  See Tex. Trans. Code Ann. ' 502.404(a)
(Vernon 1999) (providing a person commits an offense if he operates vehicle on
a public highway that does not display two license plates, at the front and the
rear of the vehicle, assigned by the department, or validated by registration
insignia issued by the department, for that registration period).  Appellant
does not contend that the initial traffic stop was invalid.  Instead, appellant
asserts his car was illegally searched because Deputy Palermo did not have
reasonable suspicion to justify his continued detention after having written
the warning ticket.  

In support of his position, appellant relies on the Texas
Court of Criminal Appeals= opinion in Davis, supra.  In Davis,
the defendant was stopped for suspicion of driving while intoxicated.  947
S.W.2d at 241.  The officers determined that the defendant was not intoxicated,
a background check revealed no history of convictions, his driver=s license was
valid, and a pat down search revealed no weapons or drugs.  Id.  The
police informed the defendant he was free to leave at any time but the vehicle
was being detained for an on-scene investigation and a canine unit was called
in.  Id.  The narcotics dog made a positive alert on the trunk of the
vehicle.  Id.  The court explained the purpose of the investigation was
effectuated when the officers determined the defendant was not intoxicated and,
thus, the continued detention of the vehicle was not reasonable.  Id. at
245B46.  








The facts in this case are distinguishable from those in Davis. 
Here, Palermo had requested a license and warrant check on appellant.  Such a
request by an officer is permitted during a routine traffic stop.  See Kothe
v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (stating officer may
conduct a computer check on the driver=s license and car
registration during routine traffic stop); Walter v. State, 28 S.W.3d at
542 (stating officer is allowed to detain an individual during a routine
traffic stop in order to check for outstanding warrants).  It was while Palermo
was waiting for a return on the license and warrant check that Duna alerted on
the trunk of appellant=s vehicle.  The initial traffic stop
justifying the issuance of a warning A can become
unlawful if it is prolonged beyond the time reasonably required to complete
that mission.@  Illinois v. Caballes, 543 U.S. 405, 407
(2005).  We conclude that waiting for the dispatcher to inform Palermo of the
results of the license and warrant inquiry did not unnecessarily prolong the
traffic stop. 

Moreover, A[a] dog sniff during a concededly lawful
traffic stop that reveals no information other than the location of a substance
that no individual has any right to possess does not violate the Fourth
Amendment.@  Id. at 410.  Thus, a canine sniff of the
exterior of a vehicle during a routine traffic stop does not implicate the
Fourth Amendment.  We find the scope of the detention was reasonably related to
the initial traffic stop for driving a vehicle without a front license plate
and was no longer than necessary to effectuate the purpose of the stop. 

Appellant also complains the trial court=s denial of his
motion to suppress violated his state constitutional and statutory rights.  Appellant,
however, has not presented any separate argument or authorities in support of
this complaint and, therefore, has not briefed it adequately.  See Bell v.
State, 90 S.W.3d 301, 305 (Tex. App. 2002) (stating that to brief state
constitutional issues adequately, appellant must present specific arguments and
authorities supporting contentions under Texas Constitution).  Therefore,
appellant has waived his complaint with regard to state constitutional and
statutory law.  Appellant=s sole issue is overruled.








                                          Variance in Sentence

The State points out there is a variance between the
sentence orally announced by the trial court at the conclusion of the PSI
hearing and the sentence set forth in the written judgment.  The trial court
orally announced the sentence at 30 years= incarceration and
a $10,000 fine.  However, the written judgment omits the $10,000 fine.  The
State requests that we reform the judgment to reflect the inclusion of the
assessment of the $10,000 fine in addition to the 30-year prison sentence.  

When there is a variance between the trial court=s oral
pronouncement of the defendant=s sentence and the written memorialization
of the sentence, the oral pronouncement controls.  Coffey v. State, 979
S.W.2d 326, 328 (Tex. Crim. App. 1998).  The court of appeals has the authority
to reform an incorrect judgment when it has the information and evidence
necessary to do so.  Tex. R. App.
P. 43.2(b); Norman v. State, 642 S.W.2d 251, 253 (Tex. App.CHouston [14th
Dist.] 1982, no pet.).  Because we have the necessary information, we reform
the trial court=s judgment to reflect the assessment of a
$10,000 fine in addition to the 30-year prison sentence.

Accordingly, we affirm the judgment, as reformed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed October 5, 2006.

Panel consists of
Justices Anderson, Hudson, and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Terry v. Ohio, 392 U.S. 1 (1968).