Affirmed and Memorandum
Opinion filed August 5, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-01047-CR

____________

 

WILLIAM MICHAEL URNICK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 0976476

 



 

MEMORANDUM
OPINION

Appellant entered a plea of guilty to possession of child
pornography.  In accordance with a plea bargain, the trial court deferred
adjudication of guilt and placed appellant under community supervision for a
period of ten years.  Subsequently, the State moved to adjudicate guilt.  The
trial court found appellant had violated the terms of his community supervision
and proceeded to adjudicate guilt.  The trial court sentenced appellant to
confinement for ten years in the Institutional Division of the Texas Department
of Criminal Justice. Appellant filed a timely notice of appeal.

Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. The brief meets the requirement
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting
a professional evaluation of the record and demonstrating why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978).

A copy of counsel’s brief was delivered to appellant.  Appellant
was advised of the right to examine the appellate record and file a pro se
response. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. (Tex. Crim.
App.1991). As of this date, no pro se response has been filed.

We have carefully
reviewed the record and counsel=s brief and
agree the appeal is wholly frivolous and without merit. Further, we find no
reversible error in the record. We are not to address the merits of each claim
raised in an Anders brief or a pro se response when we have determined
there are no arguable grounds for review. See Bledsoe v. State, 178
S.W.3d 824, 827–28 (Tex. Crim. App. 2005). 

However, there are errors in the judgment, as pointed
out by appellate counsel: (1) that appellant pled true; (2) that the trial
court assessed a $500 fine; and (3) that the offense is a second degree
felony.  The record shows (1) appellant pled “not true;” (2) no fine was
assessed; and (3) the offense was a third degree felony.  An appellate court
has the power to correct and reform a trial court judgment to make the record speak the truth when it has the
necessary data and information to do so. Nolan v. State, 39 S.W.3d 697,
698 (Tex. App. -- Houston [1st Dist.] 2001, no pet.) (citing Asberry v.
State, 813 S.W.2d 526, 529 (Tex. App. -- Dallas 1991, pet. ref'd)); see
also Tex. R. App. P. 43.2(b).  Similar errors have been corrected in other Anders
cases.  See Siverand v. State, No. 14-08-01083-CR, 2009 WL 2579834,
at *1 (Tex. App. -- Houston [14th Dist] 2009, no pet.) (mem.. op., not
designated for publication); Webb v. State, No. 05-96-01382-CR, 1997
WL 412093, at *1 (Tex. App. – Dallas 1997, no pet.) (not designated for
publication); and Houston v. State, No. 01-98-01311-CR, 2000 WL
964646, 1 (Tex. App. -- Houston [1st Dist.] 2000, no pet.) (not designated
for publication).

Accordingly, we reform the judgment of conviction (1)
to reflect appellant did not enter a plea of true to the motion to adjudicate;
(2) to delete the $500 fine; and (3) to state appellant was convicted of a
third degree felony.  See Blanco v. State, 761 S.W.2d 38, 42 (Tex. App. --
Houston [14th Dist.] 1988, no pet.); and Norman v. State, 642 S.W.2d
251, 253 (Tex. App. -- Houston [14th Dist.] 1982, no pet.).  As reformed the judgment of the trial court is
affirmed.

 

PER CURIAM

 

Panel consists of Justices
Brown, Sullivan, and Christopher.  

Do Not Publish — Tex. R. App. P. 47.2(b).