

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00336-CR, 07-13-00337-CR

PATRICK LEE LEMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 64,446-E, 67,052-E Honorable Douglas Woodburn, Presiding

March 12, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Patrick Lee Lemon appeals four judgments, each convicting him of aggravated sexual assault of a child. The charges against appellant were brought in two indictments by Potter County grand juries. Each instrument contained two counts. The first indictment was returned in August 2012 (trial court cause number 64,446-E and appellate case number 07-13-0336-CR) and the second in May 2013 (trial court cause number 67,052-E and appellate case number 07-13-0337-CR). The two cases were consolidated for trial. A jury found appellant guilty on each count and assessed

punishment on each count at confinement in prison for twenty-five years and a fine of $1,250. The trial court pronounced sentence accordingly and ordered that the sentences run concurrently. We will reform each judgment to state punishment was assessed by the jury. As reformed, we will affirm the four judgments.

Analysis

*Issue in Case Number 07-13-0336-CR (64,446-E)*

By a single issue, appellant asserts the evidence was insufficient to prove the allegations charged in the August 2012 indictment.

The indictment alleged:

COUNT 1
[Appellant], on or about the 1st day of June, 2010, . . . in Potter County, Texas, did then and there intentionally and knowingly cause the sexual organ of [C.B.], a child who was then and there younger than 14 years of age, to contact the mouth of another person, namely, [appellant].

COUNT 2
[I]n Potter County, Texas . . . [appellant], on or about the 1st day of June, 2010, did then and there intentionally and knowingly cause the penetration of the female sexual organ of [C.B.], a child who was then and there younger than 14 years of age, by [appellant's] finger.

C.B. was born in 1998. When she was age two, appellant became her step-father. At the October 2013 trial, C.B. testified that appellant began sexually assaulting her when she was about age three or four and continued engaging in this conduct until she was age twelve. C.B. testified to numerous instances of contact between appellant's mouth and her "privates" during those years. At one point she said such abuse occurred every day, then modified her statement to "almost every day."

2

C.B. agreed with the prosecutor that when she testified appellant put his mouth on her "privates" she meant "where [she went] to the bathroom."[1] When asked what appellant did with his mouth when he placed it in this position C.B. explained, "He would lick."

Appellant contends the only testimony offered to prove count one was the testimony of C.B. that "He put his mouth on my private." As to count two, appellant argues the only testimony offered was C.B.'s statement in response to the prosecutor's inquiry about the last time appellant abused her, when she responded, "it" happened on Pierce Street[2] when she was ten or eleven.

Appellant's contentions ignore C.B.'s testimony under redirect examination, when, asked specifically what things she remembered appellant did to her in the summer of 2010, she answered, "That is when he put his mouth on my private and he started licking and then he put his finger halfway into my private." Asked how she remembered those were "the last things that he ever did to [her]," she said her "private part hurt, like, really bad and that's mainly how I remember." The prosecutor followed up, "[W]here did that happen?" and C.B. responded, "[I]n the house on Pierce."

---

[1] Appellant's brief suggests that a fifteen-year-old victim like C.B., testifying to events that occurred when she was twelve, should be expected to use more sophisticated language. The record shows C.B.'s use of the term "private area" began early in her testimony when the prosecutor referred to "private places" and asked C.B. to "tell us your names for those places and where they're located." The reporter recorded her response as, "Your breasts are right here (indicating), your private area is right here (indicating) and your bottom is right here (indicating)." She then agreed with the prosecutor that by "private area, you're talking about the front where you go to the bathroom." We see nothing confusing or unclear about the manner in which the prosecutor and witness referred to her body parts.

[2] C.B. testified the family moved to a house on Pierce Street in Amarillo when she was about six years old.

The patient history section of a May 2011 sexual assault examination report prepared by a sexual assault nurse examiner who examined C.B. was read to the jury and admitted into evidence. It states in part: "I was being molested by my step-dad, [appellant]. It started when I was 4 years old. . . . The last time was nine months ago. He put his mouth on my vagina. . . ."

An appellate court evaluates the sufficiency of evidence presented in proof of a criminal conviction under the standard set out by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970); *see Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we defer to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 894, 899, 916. Considering all the evidence in the light most favorable to the verdict, we determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 899. The jury was the exclusive judge of witness credibility and the weight assigned their testimony and was free to choose to believe all, some or none of the evidence presented. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

A person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means or causes the sexual organ of a child to contact the mouth of another person, and if the child is younger than fourteen years of age. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (iii); 22.021(a)(2)(B) (West Supp. 2014). The term "penetration" as used by the statute is not

4

defined by the Legislature; therefore, the jury may apply the term's common meaning. *Russell v. State,* 665 S.W.2d 771, 780 (Tex. Crim. App. 1983). "In contexts like that of the Aggravated Sexual Assault statute, 'penetrate' may mean 'to enter into' or 'to pass through.'" *Vernon v. State,* 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (citing Webster's Third New International Dictionary, p. 1670 (Merriam-Webster 1981)). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a),(b) (West Supp. 2014); *Tear v. State,* 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. refused).

C.B.'s testimony contains some inconsistencies regarding the periods of time particular events occurred. In particular, she first referred to the last incidents of abuse as occurring when she was ten or eleven years old, but later said the last incidents occurred "a little bit after I turned 12." Resolution of such inconsistencies in evidence is the purview of the jury. *Tucker v. State,* No. 04-12-00602-CR, 2014 Tex. App. LEXIS 11130, at *23 (Tex. App.—San Antonio Oct. 8, 2014, n.p.h.) (designated for publication). Viewing all of the evidence in the light most favorable to the verdict, as we must, and in particular C.B.'s testimony on redirect examination that we have quoted, we find that a rational trier of fact could have determined beyond a reasonable doubt that appellant intentionally or knowingly caused the sexual organ of C.B. to contact his mouth and caused the penetration of the female sexual organ of C.B. by his finger, as alleged in counts one and two of the August 2012 indictment. *See Patterson v. State,* No. 02-10-0350-CR, 2012 Tex. App. LEXIS 473, at *28 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op., not designated for publication) (female child's statement that defendant's finger pushed on her private part, went "inside and out," and caused her

pain supported jury's finding that defendant intentionally caused his finger to penetrate child's sexual organ) (citing *Vernon,* 841 S.W.2d at 409); *Cortez v. State,* No. 04-10-00129-CR, 2011 Tex. App. LEXIS 4483, at *8 (Tex. App.—San Antonio June 15, 2011, no pet.) (mem. op., not designated for publication) (finding sexual assault by contact sufficiently proved by evidence that defendant placed his mouth on child's genital area and used his tongue to penetrate the outer part of her body on either side of the vaginal opening). Appellant's sole issue in this case is overruled.

*Complaint in Case Number 07-13-03337-CR (67,052-E)*

Appellant does not present an issue for review in this case. Rather his brief states the evidence was sufficient to sustain the convictions. In the prayer, however, he asks without explanation for remand of the case and a new punishment trial. Appellant has waived any appellate complaint in this case. The brief of an appellant must "state concisely all issues or points presented for review," and contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38(f),(i); *see Salazar v. State,* 38 S.W.3d 141, 147 (Tex. Crim. App. 2001) (dismissing certain issues raised by appellant because "his brief presents no authority in support of his argument"); *Tong v. State,* 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (finding issue that failed to cite relevant authority inadequately briefed); *Moblin v. State,* No. 07-07-0175-CR, 2008 Tex. App. LEXIS 4613, at *6-7 (Tex. App.—Amarillo June 24, 2008, no pet.) (mem. op., not designated for publication) (finding appellant waived evidentiary sufficiency complaint when he failed to brief the contention). To the extent an issue was intended, it is overruled.

## Conclusion

Page one of each judgment states the court assessed punishment while page two of each contains a mark designating the jury assessed punishment. The record shows without question that the jury assessed punishment on each count. We are authorized to reform an incorrect judgment if the necessary information and evidence is available. *Solomon v. State,* No. 08-06-00187-CR, 2007 Tex. App. LEXIS 5514, at *1 n.1, 13 (Tex. App.—El Paso July 12, 2007, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2(b) and *Norman v. State,* 642 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1982, no pet.)). We reform the two judgments in cause number 64,446-E and the two judgments in cause number 67,052-E to state on page one of each that the jury assessed punishment. As reformed, we affirm the four judgments.


James T. Campbell
Justice


Do not publish.

7