Charles Dale REED, James Clifford Horan, Michael Scott Amerson, Appellants,

v.

The STATE of Texas, Appellee.

Nos. C14–89–00828–CR, A14–89–00829–CR and B14–89–00830–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 1990.

Richard W. Schmude, Houston, for appellants.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellants were charged by information with the misdemeanor offense of obstructing a passageway. TEX.PENAL CODE ANN. § 42.03. Each appellant was found guilty by a jury. Punishment was assessed by the jury at ninety days in jail and a $1000 fine for appellant Reed. The other appellants received 180 days in jail and a $1000 fine. We affirm.

Appellant's convictions arise out of events surrounding an abortion protest in October 1988. The appellants and several other protestors had chained or otherwise secured themselves to barrels and other fixed objects in front of a Houston clinic. The barrels had concrete in them and were positioned in such a way that no vehicles could get into or out of the clinic. After a request by the security guard failed to convince the protestors to move, the Houston Police were called. The demonstrators were told to move from the driveway, but the appellants as well as several others remained. A police officer videotaped the demonstration including the reading to each of the appellants of the violation with

which they would be charged. Each of the demonstrators were given an opportunity to move before being arrested.

Before us are individuals charged with a crime. Most persons so charged have been engaged in activity motivated by selfish or base motives. Such is not the case here. Before this court are individuals who have been motivated by the highest principles. Their concern is assisting other human beings and preserving what they conscientiously believe to be human life. The question before us, however, is not their motivation or the correctness of their convictions. This court must determine solely the question of whether these individuals, however well intentioned, have actually broken a law of the state of Texas in effect at the time of the occurrence in question. No individual, whether he be citizen, lawyer, or judge, is above the law. We must abide by and follow the law as it is and not as we wish it were.

■ In their first four points of error, the appellants claim that the section of the Texas Penal Code upon which their convictions are based is unconstitutionally overbroad and void for vagueness in violation of the United States and Texas Constitutions. Pre-trial motions to quash the informations were filed on this basis, and after a hearing, the trial court denied the motions. In reviewing the constitutionality of a statute, there is a presumption that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the law. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978).

The Court of Criminal Appeals has held that the State has the right to regulate the use of city streets and other facilities to assure the safety and convenience of people in their use. *Haye v. State*, 634 S.W.2d 313, 315 (Tex.Crim.App.1982), *citing inter alia, Cox v. Louisiana*, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). The statute "protects the right of the public to the reasonably convenient use of sidewalks and other passageways without encroachment upon the First Amendment rights of the individual." *Id.* Further, the Legislature has provided protection of first amendment

expression through the enactment of TEX. PENAL CODE ANN. § 42.04. This statute provides, in pertinent part, as follows:

(a) If conduct that would otherwise violate ... Section 42.03 of this code consists of speech or other communication, ... or of gathering with others to picket or otherwise express in a nonviolent manner a position on social, economic, political or religious questions, the actor must be ordered to move, disperse, or otherwise remedy the violation prior to his arrest if he has not yet intentionally harmed the interests of others which those sections seek to protect.

(b) The order required by this section may be given by a peace officer, a fireman, a person with authority to control the use of the premises, or any person directly affected by the violation.

(c) It is a defense to prosecution under Section 42.01(a)(5) or 42.03 of this code:

(1) that in circumstances in which this section requires an order no order was given;

(2) that an order, if given, was manifestly unreasonable in scope; or

(3) that an order, if given, was promptly obeyed.

"[A] statute is [only] considered impermissibly overbroad if, in addition to proscribing activities which may constitutionally be forbidden, it sweeps within its coverage speech or conduct which is protected by the first amendment." *Morehead v. State,* 746 S.W.2d 830, 833–34 (Tex.App.—Dallas 1988, pet. granted). The statute complained of regulates conduct, and not speech, and is not constitutionally overbroad. *Smith v. State,* 772 S.W.2d 946, 949 (Tex.App.—Dallas 1989, pet. ref'd).

■ The appellants also complain that Section 42.03 is void for vagueness. In order for a penal statute to be unconstitutionally vague, "it must either forbid or require the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application, thereby violating the fair notice requirement of due process of law." *Morehead, supra* at 836–37. All of the complained of terms have com-

mon meanings, and "words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite." *Id.* Further, appellants have failed to cite any authority for their proposition that the words are vague. The failure to cite authority specifically in support of their argument presents nothing for review. *MacDonald v. State,* 761 S.W.2d 56, 60 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Points of error one through four are overruled.

In points of error five through ten, the appellants contend that the trial court erred in admitting into evidence, over objection, the videotape of the offenses taken by the Houston Police. Appellants claim that the trial court erred in overruling their objection based upon the lack of a proper predicate for the video's admission. The seven-pronged predicate for the admission of sound recordings also applies to videotapes. *Edwards v. State,* 551 S.W.2d 731 (Tex.Crim.App.1977). Each of the required elements were established either by direct proof or could be inferred from the testimony as allowed by *Edwards. See also Roy v. State,* 608 S.W.2d 645, 649 (Tex.Crim. App.1980). Prior to the jury's viewing the tape, the court gave the following limiting instruction at the appellants' request:

THE COURT: Ladies and gentlemen of the jury, I'm going to give you an instruction before you watch the video. I ask you not to consider the conversations of the other people that you see in the video—mainly, the other protestors—in passing on the guilt or innocence of these three defendants. I want you to keep that in mind.

Finally, the appellants' objection to a lack of predicate is a general objection and does not preserve error on appeal. *Beck v. State,* 719 S.W.2d 205, 214 (Tex.Crim.App. 1986).

■ Appellants further claim that the court erred in admitting the tape over the objections of relevancy and hearsay. The only objection made at the time the tape was offered into evidence was "lack of predicate", but prior to the tape's being

offered, appellants had objected to relevancy and hearsay. The trial court never ruled on those objections. Absent an adverse ruling appearing in the record, no error is preserved for appeal. *Darty v. State*, 709 S.W.2d 652, 655 (Tex.Crim.App. 1986). Furthermore, appellants are complaining only about statements made by the police. Where a police officer's testimony is admitted, not for the truth, but to establish the course of events and circumstances leading to the arrest of appellants, it is not hearsay. *Stewart v. State*, 640 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1982, no pet.). In their ninth point of error, appellants contend that the admission of the video violated their rights to confrontation and cross-examination of the police officer depicted on the tape since that officer did not testify. Appellants did not raise this objection until after the State had rested its case. The failure to object in a timely and specific manner waives error as to the admission of evidence, even though the error may concern a constitutional right of the appellants. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App. 1988), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). Finally, appellants complain that the jury should not have been allowed to view the tape during deliberations. The jury had requested the tape as well as other exhibits, and it would have been error for the trial court not to comply with that request. See TEX.CODE CRIM.PROC.ANN. art. 36.25; *Lopez v. State*, 628 S.W.2d 82, 85 (Tex.Crim.App.1982). Points of error five through ten are overruled.

■ In points of error eleven and twelve, the appellants allege that the court erred in overruling their motions for a directed verdict. After the State had rested, appellants moved for a directed verdict based upon the lack of confrontation of a witness (the police officer in the video) and alleged that the State had failed to prove that the order to move from the clinic was issued to prevent an obstruction. The trial court denied the motions, and the appellants then went forward with their defense. After the State rests, where the defense moves for a directed verdict which is denied and then puts forth a defense, appellants cannot challenge the court's denial of the motion on appeal. Any error has been waived. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App.1980); *Springer v. State*, 721 S.W.2d 510, 512 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Appellants' points of error eleven and twelve are overruled.

■ Points of error thirteen through twenty-two assert that the trial court erred in refusing to allow the defenses of necessity and defense of third person. Appellants maintain that the evidence was admissible, contending that since the clinic was not licensed at the time of the protest, the clinic's activities were illegal. Although the trial court would not allow evidence on these "defenses", appellants were allowed to make formal bills of exception. Appellants premise their contentions concerning both justification defenses on the purported invalidity of *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). This is the United States Supreme Court decision concerning the privacy of a woman's decision on whether or not to abort her unborn child. This court must reject appellants' underlying challenge to *Roe*. *See Ex parte Aldridge*, 169 Tex.Cr. 395, 400, 334 S.W.2d 161, 164 (1959); *Brady v. Doe*, 598 S.W.2d 338 (Tex.Civ.App.—Houston [14th Dist.] 1980, (per curiam), writ ref'd n.r.e.), *cert. denied*, 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981). *Roe* is still the law and has not, as yet, been overruled or modified to support the appellants' position.

For an appellate court to reverse a conviction based upon excluded evidence, it must first conclude that because the proffered evidence was relevant, the trial court erred by excluding it. *See Bird v. State*, 692 S.W.2d 65, 73 (Tex.Crim.App.), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1985). Only then may this court decide whether the appellants were harmed. *Id.;* TEX.R.APP.P. 81(b)(2). Because determination of the relevancy of evidence is a matter within the discretion of the trial court, appellants must also demonstrate that the trial court's exclusionary rulings amounted to an abuse of discretion.

*See Johnson v. State,* 698 S.W.2d 154, 160 (Tex.Crim.App.1985) (en banc), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986) (en banc); *Dominquez v. State,* 722 S.W.2d 179, 183 (Tex.App.—Houston [14th Dist.] 1986, no pet.). Evidence is relevant if it tends to render a contested material issue more or less probable. TEX.R.CRIM.EVID. 401; *Garza v. State,* 715 S.W.2d 642, 644 (Tex.Crim.App.1986) (en banc).

Appellants preserved the question of the relevancy of this evidence in four separate bills of exception. The bills focus solely upon preventing the death of the unborn, and each appellant's personal convictions regarding abortion. There is no testimony concerning the welfare of the patient or the procedures performed at the clinic. A trial court does not err when it excludes evidence if the evidence fails to show that the accused is entitled to the defense to which it applies. *Roy v. State,* 552 S.W.2d 827, 830–31 (Tex.Crim.App.1977), *overruled on other grounds in, Johnson v. State,* 650 S.W.2d 414, 416 (Tex.Crim.App.1983) (en banc); *Hoffart v. State,* 686 S.W.2d 259, 264 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd), *cert. denied,* 479 U.S. 824, 107 S.Ct. 95, 93 L.Ed.2d 46 (1986). To show they were entitled to the defenses asserted, appellants' bills of exception must demonstrate that they met all the elements of the defense. *Roy, supra* at 830.

TEX.PENAL CODE ANN. § 9.33 defines the defense for defending third persons. It states that a person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawfully deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

Although the evidence does indicate that the clinic was not properly licensed at the time of the protest, there is no evidence that the appellants or the other protestors *knew* that the clinic was not properly licensed at the time of the occurrence in question. Because TEX.PENAL CODE ANN. § 1.07(a)(27) defines "person" as "an individual, corporation, or association," while § 1.07(a)(17) defines "individual" as "a human being who has been born and is alive," an unborn child is not at the present time under Texas law a "person" for purposes of the defense of defending third persons. *Bobo v. State,* 757 S.W.2d 58 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* —— U.S. ——, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989); *Ogas v. State,* 655 S.W.2d 322, 325 (Tex.App.—Amarillo 1983, no pet.). Defense of third persons is presently precluded in abortion cases in Texas. *Erlandson v. State,* 763 S.W.2d 845, 852 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* —— U.S. ——, 110 S.Ct. 152, 107 L.Ed.2d 110 (1989).

The defense of necessity requires a showing that:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. TEX.PENAL CODE ANN. § 9.22.

Section 9.33 contemplates a case-by-case analysis in assessing competing harms. The harm the actor perceives and seeks to prevent must "clearly outweigh" the harm which will result from his acting in violation of another law. However, what the actor seeks to prevent must first be a legal harm. It is not so under the present status of Texas law. Despite appellants' assertions that the clinic was unlicensed, this condition does not affect the applicability of the defenses. Without specific authori-

ty, appellants present nothing for review. *MacDonald, supra.*

The controlling issue in this case was whether appellants obstructed a passageway. Although appellants maintain that their bills of exception raised evidence relevant to their prosecution, nothing in them make the State's allegations less probable. See TEX.R.CRIM.EVID. 401. The appellants' bills are irrelevant to the charges, and do not give rise to a fact issue that justified the appellant's obstruction. The trial court did not abuse its discretion by excluding the evidence. Because a determination of relevancy is the threshold question in any challenge to the exclusion of evidence, it is not necessary to decide whether the exclusion of this evidence harmed the appellants. *Bird, supra* at 73. Appellant's points of error thirteen through twenty-two are overruled.

In their twenty-third point of error, the appellants assert that the trial court erred in permitting the prosecutor to argue to the jury that appellants did not care what the law was and that they were going to break whatever laws they saw fit to further their cause. Appellants specifically point to three instances of alleged improper jury argument. Although objections were made on each occasion, no adverse rulings appear in the record, and absent an adverse ruling, there is no preservation of error. *Darty, supra; White v. State,* 681 S.W.2d 731 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Furthermore, the failure to request the court to instruct the jury to disregard the statements waived any error on appeal. There is a presumption that an instruction to disregard would have been obeyed by the jury thereby curing any error. *Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Crim.App.1988). Appellant's point of error twenty-three is overruled.

In point of error twenty-four, appellants contend that their jail sentences violate the protections against "cruel and unusual punishment". The statute under which the appellants were convicted is a Class B misdemeanor. *See* TEX.PENAL CODE ANN. § 42.03(c). An individual found guilty of a Class B misdemeanor shall be punished by a fine not to exceed $1000; confinement in jail for a term not to exceed 180 days; or both the fine and imprisonment. TEX.PENAL CODE ANN. § 12.22. The punishments assessed are within the statutory range of punishment. Where the punishment assessed is within the range prescribed by the statute, the punishment is not unconstitutionally cruel or unusual. *Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App. 1983) (en banc); *Hypke v. State,* 720 S.W.2d 158, 160 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Each appellant is currently on bond pending appeal. They lack standing to complain about the conditions in the Harris County Jail until they are in actual custody and can allege an "injury in fact". *Wilson v. State,* 692 S.W.2d 661, 667 (Tex.Crim.App.1984) (Op. on reh'g). Appellants' point of error twenty-four is overruled.

In points of error twenty-five and twenty-six, appellants contend that the trial court erred in denying "Defendant's Motion to Quash Information No. 2". They claim that their charging instruments failed to provide sufficient certainty for double jeopardy purposes as required by TEX.CODE CRIM.PROC.ANN. art. 21.04. Appellants argue that the State was required to allege the locality of the occurrence within Harris County by giving a more detailed description of the "sidewalk, entrance, exit" where the offenses were committed. The information is sufficient since it alleges the county in which the offense was committed. Obstruction of a passageway is an offense against the owner's possession and control of the property, rather than an offense against the property itself. See *Reed v. State,* 762 S.W.2d 640 (Tex. App.—Texarkana 1988, pet. ref'd). Appellants' points of error twenty-five and twenty-six are overruled.

In their two final points of error, appellants contend that the trial court erred when it denied "Defendant's Motion to Quash Information No. 4" by each appellant because the informations failed to allege the manner or means of the obstruction sought to be prevented. The informa-

tions on which appellants were convicted read as follows:

> ... intentionally and knowingly, without legal privilege and authority, disobey a reasonable request and order to move issued by J.C. LINNEY, a person the [Appellant] knew to be and was informed was a peace officer and a person with authority to control the use of the premises, to prevent obstruction of a sidewalk, an entrance and an exit to which the public or a substantial group of the public had access.

The offense is disobeying a reasonable request or order to move and not the means of obstruction. When an information tracks the language of the statute, as here, it is legally sufficient to provide an appellant with notice of the crime with which he is charged. *Smith, supra* at 952. The informations were sufficient, and the trial court did not err in denying the motions to quash. Appellant's twenty-seventh and twenty-eighth points of error are overruled.

The judgment of the trial court is affirmed.