

# NUMBER 13-06-00425-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RUBEN ZAVALA FLORES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Ruben Zavala Flores, of three counts of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). The jury assessed punishment at ten years' imprisonment on each count with a recommendation of probation. The trial court entered a judgment based upon the jury's verdict. In a single issue, appellant contends the trial court abused its discretion in admitting hearsay

testimony. We affirm.

## I. BACKGROUND

C.K., a foster child, resided with Dianne Whitinger, a licensed foster parent, and appellant, Whitinger's fiancee. On January 13, 2004, appellant entered C.K.'s bedroom, touched her breasts and vagina, and penetrated her anus with his finger, while C.K. pretended to be asleep. The following day, while at school, C.K. told two of her friends about the incident. Her two friends then communicated with Gilberto Izquierdo, an on-duty school police officer. The subject of this communication forms the basis of this appeal.

## II. BACKDOOR HEARSAY

Appellant's sole contention is that the trial court erred by overruling his hearsay objection to Officer Izquierdo's testimony. According to appellant, allowing Officer Izquierdo to testify that C.K.'s two friends told him that C.K. had a "problem" that happened "the night before" was  backdoor hearsay that served only to prove the matter asserted.

A police officer's testimony is not hearsay when it is offered for the purpose of explaining how a defendant became a suspect rather than for the truth of the matter asserted. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). In addition, an officer's testimony is not hearsay when it is admitted, not for the truth, but to establish the course of events and circumstances leading to a defendant's arrest. *Thorton v. State*, 994 S.W.2d 845, 854 (Tex. App.–Fort Worth 1999, pet. ref'd) (citing *Reed v. State*, 794 S.W.2d 806, 809 (Tex. App.–Houston [14th Dist.] 1990, pet. ref'd)). "The critical question is whether there is an *inescapable conclusion* that a piece of evidence is being offered to prove statements made outside the courtroom." *Id.* (quoting *Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989)).

Assuming, without deciding, that Officer Izquierdo's testimony relayed an out-of-court-statement, we nonetheless conclude that his testimony did not constitute hearsay. We cannot inescapably conclude that Officer Izquierdo's testimony in this instance was offered to prove statements made outside the courtroom. *See Thorton*, 994 S.W.2d at 854 (citing *Shaffer*, 777 S.W.2d at 114). Instead, we conclude that Officer Izquierdo's testimony was admitted to explain how appellant became a suspect in the investigation and to establish the course of events and circumstances leading to appellant's arrest. *See Dinkins*, 894 S.W.2d at 347; *see also Thorton*, 994 S.W.2d at 854 (citing *Reed*, 794 S.W.2d at 809); *Garcia v. State*, No. 13-05-408-CR, 2007 Tex. App. LEXIS 5080, at *8-9 (Tex. App.–Corpus Christi June 28, 2007, no pet.) (mem. op., not designated for publication).

Even if the admission of Officer's Izquierdo's statement was error, it was harmless under rule of appellate procedure 44.2(b). We must disregard a non-constitutional error that does not affect appellant's substantial rights. Tex. R. App. P. 44.2(b). At trial, the State called G.P, C.K.'s friend, who testified, without objection, to the same information provided by Officer Izquierdo. Moreover, assistant principal Leticia Gonzalez testified, also without objection, that Officer Izquierdo had informed her that C.K.'s two friends had told him that "C.K. was crying and upset." Thus, in light of this properly admitted evidence and viewing the record as a whole, we have a fair assurance that any purported error in relation to the admission of Officer Izquierdo's statement neither influenced the fact finder nor had more than a slight effect. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (citing Tex. R. App. 44.2(b); *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997)); *see also Perez v. State*,

3

113 S.W.3d 819, 831 (Tex. App.–Austin 2003, pet. ref'd) (citing *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding that any error in the admission of hearsay testimony was harmless in light of other properly admitted evidence providing the same facts)). Appellant's sole issue on appeal is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 25th day of August, 2008.

4