NUMBER 13-06-00425-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

RUBEN ZAVALA FLORES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 206th District Court


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 A jury convicted appellant, Ruben Zavala Flores, of three counts of indecency with
a child by contact. See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003). The jury
assessed punishment at ten years' imprisonment on each count with a recommendation
of probation. The trial court entered a judgment based upon the jury's verdict. In a single
issue, appellant contends the trial court abused its discretion in admitting hearsay
testimony. We affirm. 

I. Background 

 C.K., a foster child, resided with Dianne Whitinger, a licensed foster parent, and
appellant, Whitinger's fiancee. On January 13, 2004, appellant entered C.K.'s bedroom,
touched her breasts and vagina, and penetrated her anus with his finger, while C.K.
pretended to be asleep. The following day, while at school, C.K. told two of her friends
about the incident. Her two friends then communicated with Gilberto Izquierdo, an on-duty
school police officer. The subject of this communication forms the basis of this appeal. 

II. Backdoor Hearsay 

 Appellant's sole contention is that the trial court erred by overruling his hearsay
objection to Officer Izquierdo's testimony. According to appellant, allowing Officer
Izquierdo to testify that C.K.'s two friends told him that C.K. had a "problem" that happened
"the night before" was backdoor hearsay that served only to prove the matter asserted. 

 A police officer's testimony is not hearsay when it is offered for the purpose of
explaining how a defendant became a suspect rather than for the truth of the matter
asserted. Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). In addition, an
officer's testimony is not hearsay when it is admitted, not for the truth, but to establish the
course of events and circumstances leading to a defendant's arrest. Thorton v. State, 994
S.W.2d 845, 854 (Tex. App.-Fort Worth 1999, pet. ref'd) (citing Reed v. State, 794 S.W.2d
806, 809 (Tex. App.-Houston [14th Dist.] 1990, pet. ref'd)). "The critical question is
whether there is an inescapable conclusion that a piece of evidence is being offered to
prove statements made outside the courtroom." Id. (quoting Schaffer v. State, 777 S.W.2d
111, 114 (Tex. Crim. App. 1989)). 

 Assuming, without deciding, that Officer Izquierdo's testimony relayed an out-of
court-statement, we nonetheless conclude that his testimony did not constitute hearsay. 
We cannot inescapably conclude that Officer Izquierdo's testimony in this instance was
offered to prove statements made outside the courtroom. See Thorton, 994 S.W.2d at 854
(citing Shaffer, 777 S.W.2d at 114). Instead, we conclude that Officer Izquierdo's
testimony was admitted to explain how appellant became a suspect in the investigation and
to establish the course of events and circumstances leading to appellant's arrest. See
Dinkins, 894 S.W.2d at 347; see also Thorton, 994 S.W.2d at 854 (citing Reed, 794
S.W.2d at 809); Garcia v. State, No. 13-05-408-CR, 2007 Tex. App. LEXIS 5080, at *8-9
(Tex. App.-Corpus Christi June 28, 2007, no pet.) (mem. op., not designated for
publication). 

 Even if the admission of Officer's Izquierdo's statement was error, it was harmless
under rule of appellate procedure 44.2(b). We must disregard a non-constitutional error
that does not affect appellant's substantial rights. Tex. R. App. P. 44.2(b). At trial, the
State called G.P, C.K.'s friend, who testified, without objection, to the same information
provided by Officer Izquierdo. Moreover, assistant principal Leticia Gonzalez testified, also
without objection, that Officer Izquierdo had informed her that C.K.'s two friends had told
him that "C.K. was crying and upset." Thus, in light of this properly admitted evidence and
viewing the record as a whole, we have a fair assurance that any purported error in relation
to the admission of Officer Izquierdo's statement neither influenced the fact finder nor had
more than a slight effect. See Garcia v. State, 126 S.W.3d 921, 927 (Tex. Crim. App.
2004); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (citing Tex. R. App.
44.2(b); King v. State, 953 S.W.2d 266 (Tex. Crim. App. 1997)); see also Perez v. State,
113 S.W.3d 819, 831 (Tex. App.-Austin 2003, pet. ref'd) (citing Brooks v. State, 990
S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding that any error in the admission of
hearsay testimony was harmless in light of other properly admitted evidence providing the
same facts)). Appellant's sole issue on appeal is overruled. 

III. Conclusion 

 The judgment of the trial court is affirmed. 

 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 25th day of August, 2008.