NUMBER 13-08-00526-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RICHARD LOUIS NOLEN, JR.

A/K/A RICHARD NOLEN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court 

of Matagorda County, Texas.

 


MEMORANDUM OPINION ON REHEARING



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion on Rehearing by Justice Garza
 

 After considering the motion for rehearing filed by appellant, Richard Louis Nolen,
Jr. a/k/a Richard Nolen, we deny the motion; however, we withdraw our opinion and
judgment of August 25, 2009, and substitute the following to make nondispositive
clarifications.


I. Introduction

 Appellant was charged by information with interference with an emergency
telephone call, a class A misdemeanor. See Tex. Penal Code Ann. § 42.062(a), (c)
(Vernon Supp. 2008). A jury convicted appellant of the offense and assessed punishment
at sixty days' incarceration in a county jail with a $1,000 fine and $345 in court costs. By
four issues, appellant argues that: (1) the trial court erred in admitting into evidence
hearsay statements made to police by Karen Nolen, appellant's ex-wife; and (2) the
evidence supporting his conviction is legally and factually insufficient. We affirm.II. Factual and Procedural Background


 On the afternoon of September 5, 2007, Karen Nolen was listening to music and
cleaning the house when appellant, her estranged husband at the time, came to the home
unannounced and uninvited. (1) Upon arriving at the home, appellant knocked on the door
and yelled for Karen to open the door. When she did not answer the door, appellant
kicked in the back door to the house. Karen testified that she "took off running" because
she believed that appellant was going to assault her. (2) She further testified that she "could
see it on [appellant's] face he was steaming mad." Karen recalled that as she was running
around the house, she grabbed a telephone and was about to dial the emergency number
[911], but appellant grabbed the telephone out of her hands. She ran into a bedroom,
leapt over a bed, and then ran outside to the backyard. While in the backyard, Karen
yelled out for neighbors to call the police, but no one responded to her cries. She was
unable to use the telephone to call for help, because it remained in appellant's hands
throughout the ordeal. Shortly thereafter, appellant left, and Karen used another telephone
to call the Bay City Police Department. A few days later, Karen filed for divorce.

 Appellant was subsequently charged with interference with an emergency telephone
call and, after a jury trial, was convicted of the offense and sentenced to sixty days'
confinement in a county jail with a $1,000 fine and $345 in court costs. Appellant filed a
motion for new trial and a motion in arrest of judgment; both motions were denied by the
trial court after a hearing. This appeal followed.

III. The Hearsay Rule and the Confrontation Clause


 On appeal, appellant complains about the admission of Officer Victor Hadash's
testimony about what Karen told him regarding what had transpired. (3) Appellant argues in
his first issue that the trial court erred in concluding that Karen's statements were
admissible under the excited utterance exception to the hearsay rule. See Tex. R. Evid.
802(2). Appellant further argues in his second issue that Karen's alleged hearsay
statements were testimonial in nature and, therefore, their admission violated the
Confrontation Clause of the United States Constitution. See U.S. Const. amend VI. 

 The State counters by arguing that: (1) the trial court properly admitted Officer
Hadash's testimony regarding Karen's statements under the excited utterance exception
to the hearsay rule because she was still "very upset, nervous, shaking," and "agitated"
when Officer Hadash arrived at the house approximately fifteen minutes after appellant had
left; (2) the admission of the statements did not harm appellant because the same
evidence was admitted later in the trial without objection; and (3) there was no violation of
the Confrontation Clause because Karen testified at trial and appellant was able to confront
her about the statements made to Officer Hadash.

A. Standard of Review

 

 We review a trial court's decision to admit or exclude evidence under an abuse of
discretion standard. Oprean v. State, 201 S.W.3d 724, 726 (Tex. Crim. App. 2007);
Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). A trial court's decision
will be upheld unless it lies outside the "zone of reasonable disagreement." Oprean, 201
S.W.3d at 726.

B. Applicable Law


 Hearsay is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid.
801(d). Hearsay is generally not admissible. Tex. R. Evid. 802. A "matter asserted"
includes any matter explicitly asserted, and any matter implied by a statement, if the
probative value of the statement offered flows from the declarant's belief as to the matter. 
Tex. R. Evid. 801(c). When information is offered for a reason other than to prove the truth
of the matter asserted, the evidence may be admissible. Martinez v. State, 22 S.W.3d 504,
508 (Tex. Crim. App. 2000); Lopez v. State, 200 S.W.3d 246, 254 (Tex. App.-Houston
[14th Dist.] 2006, pet. ref'd).

 An excited utterance is a hearsay exception for a "statement relating to a startling
event or condition made while the declarant was under the stress of excitement caused by
the event or condition." Tex. R. Evid. 803(2); see Salazar, 38 S.W.3d at 154. In
determining whether a statement is an excited utterance, the court may look at the time
that elapsed between the event and the statement, as well as whether the statement was
in response to a question; however, neither of those two factors is dispositive. Zuliani v.
State, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003). The critical factor in determining
whether a statement is an excited utterance is whether the declarant was still dominated
by the emotions, fear, excitement, or pain of the event at the time of the statement. Id. 

C. Discussion


 At trial, Officer Hadash testified that he arrived at Karen's house approximately
fifteen minutes after appellant had left the house. He further testified to the following:


 Q: [The State] What did you find at the scene?

 

 A: [Officer Hadash] When I arrived on the scene, she escorted me to
the backyard because she said that's the way
that he entered. She took me to an outer door
that was pushed in, shoved in, and then we went
through a room to another door that goes into
the residence itself, it's like an office, that door
was smashed in, the frame was split, splintered
and laying on the--parts of it were laying on the
floor, the lock was on the floor.

 

 Q: And how did she--what was her--what was
her--in what state did you find her, what
emotional state?

 

 A: She was very upset and agitated.

 

 . . . .

 

 Q: And just to reiterate, what is--do you believe she
was in an excited state?

 

 A: Yes, sir.

 

 Q: And describe that state for us; what did you see?

 

 A: She was very upset, nervous, shaking.

 

 Q: . . . . And again, what did she report to you in
that state?

 

 A: She stated that her husband at the time had--


 At this time, appellant objected to Officer Hadash's testimony as inadmissible
hearsay. The State countered by arguing that Officer Hadash's recounting of what Karen
told him was admissible under the excited utterance exception to the hearsay rule because
he testified that Karen was very upset and agitated when he first arrived and took her
statements. The trial court overruled appellant's objection, and Officer Hadash proceeded
to recount Karen's version of what had happened on the day in question and what he
discovered in his investigation of the incident.

 At the outset of our analysis, we note that a police officer's testimony is not hearsay
when it is admitted to establish the course of events and circumstances leading to a
defendant's arrest rather than for the truth of the matter asserted. See Dinkins v. State,
894 S.W.2d 330, 347 (Tex. Crim. App. 1995); Ortiz v. State, 93 S.W.3d 79, 95 (Tex. Crim.
App. 2002); see also Thornton v. State, 994 S.W.2d 845, 854 (Tex. App.-Fort Worth 1999,
pet. ref'd); Reed v. State, 794 S.W.2d 806, 809 (Tex. App.-Houston [14th Dist.] 1990, pet.
ref'd). Arguably, Officer Hadash's testimony explained how appellant became a suspect
in this matter and the status of the investigation; therefore, Officer Hadash's testimony
would not be inadmissible hearsay under this analysis.

 Moreover, even were we to categorize Officer Hadash's testimony regarding Karen's
statements as hearsay, we find that Karen's statements fall under the excited utterance
exception to the hearsay rule. See Tex. R. Evid. 803(2). Officer Hadash testified that he
arrived at the scene approximately fifteen minutes after the incident transpired, and Karen
was "very upset, nervous, [and] shaking" while she recounted what had happened. See
Zuliani, 97 S.W.3d at 596 (holding that statements made twenty hours after an incident by
an individual who was "scared to death" and "tired" were excited utterances); see also
Reyes v. State, 48 S.W.3d 917, 920 (Tex. App.-Fort Worth 2001, no pet.) (concluding that
statements made fifteen minutes after an assault by a witness were excited utterances
because the witness was "dominated by the emotion, fear, pain, and excitement resulting
from appellant's assault, and that her statement was related to the startling occurrence of
the assault"); Bondurant v. State, 956 S.W.2d 762, 766 (Tex. App.-Fort Worth 1997, pet.
ref'd) ("The fact that portions of the statement [excited utterance] were made in response
to questions, does not preclude that portion of the statement from being spontaneous and
reliable."). Given that Officer Hadash responded to Karen's emergency call within fifteen
minutes of the incident and that he observed Karen to be "very upset, nervous, [and]
shaking," it is clear that Karen was still dominated by the emotions, fear, and excitement
attendant to the incident when she spoke to Officer Hadash. See Tex. R. Evid. 803(2); see
also Zuliani, 97 S.W.3d at 596. We therefore conclude that the trial court did not abuse
its discretion in admitting Officer Hadash's testimony regarding Karen's statements under
either the excited utterance exception to the hearsay rule or under the course and
circumstances leading to appellant's arrest analysis. Accordingly, appellant's first issue
is overruled.

 In his second issue, appellant asserts that the trial court abused its discretion in
allowing Officer Hadash to testify regarding Karen's statements because the statements
violated the Confrontation Clause of the United States Constitution. See U.S. Const.
amend. VI. 

 The right of confrontation is a constitutional right. See id.; Carroll v. State, 916
S.W.2d 494, 496 (Tex. Crim. App. 1996). However, it is well settled that even a
constitutional right may be waived if not properly preserved. See Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990); see also Garcia v. State, No. 13-05-408-CR,
2007 Tex. App. LEXIS 5080, at *27 (Tex. App.-Corpus Christi June 28, 2007, no pet.)
(mem. op., not designated for publication). In order to preserve a complaint for appellate
review, Texas Rule of Appellate Procedure 33.1(a)(1) requires that a party make a timely
request, objection, or motion that states the grounds for the ruling sought by the party with
sufficient specificity to make the trial court aware of the complaint, unless the specific
grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1). An objection is timely
when it is made before the evidence is admitted or as soon as the objectionable nature of
the evidence becomes apparent. See Johnson v. State, 878 S.W.2d 164, 167 (Tex. Crim.
App. 1994).

 In the instant case, appellant did not object to Officer Hadash's testimony regarding
Karen's statements as being a violation of the Confrontation Clause. Instead, appellant
objected to Officer Hadash's testimony on hearsay grounds, which the trial court overruled. 
Appellant later requested a running objection to Officer Hadash's testimony, but the trial
court denied his request. Appellant did not make any additional objections to Officer
Hadash's testimony. Because appellant failed to argue, in a timely and specific objection,
that Officer Hadash's testimony regarding Karen's statements violated the Confrontation
Clause, we conclude that appellant waived his second issue. (4) See Tex. R. App. P.
33.1(a)(1); Briggs, 789 S.W.2d at 924; Johnson, 878 S.W.2d at 167; see also Garcia, 2007
Tex. App. LEXIS 5080, at *27.

IV. Legal and Factual Sufficiency


 In his third and fourth issues, appellant asserts that the evidence supporting his
conviction is legally and factually insufficient. 

A. Standard of Review


 In reviewing the legal sufficiency of the evidence, an appellate court examines the
evidence in the light most favorable to the State to determine whether any rational finder
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Watson v. State, 204 S.W.3d 404, 414-17
(Tex. Crim. App. 2006). The trier of fact is the sole judge of the facts, the credibility of the
witnesses, and the weight given to testimony. See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Jackson, 443 U.S. at 318-39; Beckham v. State, 29 S.W.3d 148, 151 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). We do not reevaluate the weight and credibility
of the evidence, whether circumstantial or direct, nor do we substitute our own judgment
for that of the trier of fact. Mosley v. State, 141 S.W.3d 816, 821 (Tex. App.-Texarkana
2004, pet. ref'd); Beckham, 29 S.W.3d at 151. Instead, we consider whether the jury
reached a rational decision. Beckham, 29 S.W.3d at 151.

 When conducting a factual sufficiency review, an appellate court must determine
(1) whether the evidence introduced to support the verdict is "so weak" that the fact finder's
verdict seems "clearly wrong and manifestly unjust," or (2) whether, considering conflicting
evidence, the fact finder's verdict is nevertheless against the great weight and
preponderance of the evidence. Watson, 204 S.W.3d at 414-15. In a factual sufficiency
review, we view the evidence in a neutral light. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).

 Each fact need not point directly and independently to the guilt of the appellant, as
long as the cumulative force of all the incriminating circumstances is sufficient to support
the conviction. Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Johnson v. State, 871 S.W.2d 183,
186 (Tex. Crim. App. 1993); Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App.
1987)). Circumstantial evidence is as probative as direct evidence in establishing the guilt
of an actor; circumstantial evidence alone can be sufficient to establish guilt. Guevara v.
State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). On appeal, both circumstantial and
direct evidence cases are examined using the same standard of review. Id.

 We measure the sufficiency of the evidence by the elements of the offense as
defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.-Corpus Christi 2002,
pet. ref'd). "Such a charge would accurately set out the law, would be authorized by the
indictment, and would not unnecessarily increase the State's burden of proof." Malik, 953
S.W.2d at 240. A person commits the offense of interference with an emergency
telephone call if he "knowingly prevents or interferes with another individual's ability to
place an emergency telephone call or to request assistance in an emergency from a law
enforcement agency." Tex. Penal Code Ann. § 42.062(a). The statutory definition of
"emergency" includes 

 a condition or circumstance in which any individual is or is reasonably
believed by the individual making a telephone call to be in fear of imminent
assault[ (5)] or in which property is or is reasonably believed[ (6)] by the individual
making the telephone call to be in imminent danger of damage or
destruction. 


Id. § 42.062(d). Moreover, 

 [a] person acts knowingly, or with knowledge, with respect to the nature of
his conduct or to circumstances surrounding his conduct when he is aware
of the nature of his conduct or that the circumstances exist. A person acts
knowingly, or with knowledge, with respect to a result of his conduct when he
is aware that his conduct is reasonably certain to cause the result.


Id. § 6.03(b) (Vernon 2003). A jury may infer knowledge or intent from the acts, conduct,
and remarks of the accused and from the surrounding circumstances. See Hernandez v.
State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), overruled in part on other grounds by
Fuller v. State, 829 S.W.2d 191 (Tex. Crim. App. 1992); see also Quiroga v. State, No. 13-08-00661-CR, 2009 Tex. App. LEXIS 6342, at *23 (Tex. App.-Corpus Christi Aug. 13,
2009, no pet.) ("Proof of knowledge or intent is an inference that may be drawn by the fact
finder from direct evidence and from evidence surrounding the act.").

B. Discussion


 On appeal, appellant argues that: (1) the evidence demonstrates that he never
interrupted an emergency call; (2) Karen never told him that she was going to make an
emergency call; and (3) there were other telephones in the house with which Karen could
have made the emergency call. Appellant further argues that he did not break into the
house with the intention of harming her, but rather to protect her and that Karen urged the
filing of charges in this case to bolster her position in the divorce case. (7)

 Karen testified that appellant broke into the house, causing damage to the back
door and her "boombox." She ran around the house to avoid appellant because he
appeared to be enraged. She believed that he was going to assault her again, as he
allegedly had done repeatedly during the previous thirty years that they had been together. 
She grabbed a telephone as she was running away from appellant and attempted to dial
911. However, before she could make the call, appellant grabbed the telephone out of her
hands and did not return the telephone until he left the premises several minutes later. 
When he returned the telephone to her, it was inoperable, so she was forced to use
another telephone that was located in another part of the house. (8) 

 Appellant testified that he had previously received a telephone call at his place of
employment from Karen in which all he heard on the telephone was the song, "How Am
I Supposed to Live Without You." Appellant stated that he tried to get Karen to talk to him
on the telephone, but she refused. Appellant panicked and went to the house where Karen
was living, fearful that she was going to commit suicide. Appellant received a second
telephone call from Karen on September 5, 2007, which made him once again fear that
Karen was going to commit suicide, so appellant again went to the house. Appellant stated
that once he entered the house, Karen refused to talk to him, and she turned up the
volume of the music playing on the "boombox." Appellant became enraged and smashed
the "boombox." Appellant did not recall Karen running through the house or picking up a
telephone. Appellant denied taking the telephone out of Karen's hands. Appellant testified
that after he smashed the "boombox," Karen walked outside, and he subsequently left.

 Appellant's arguments pertaining to the sufficiency of the evidence primarily touch
on the jury's role as the fact finder. The jury is the sole judge of the weight and credibility
of the evidence and is entitled to resolve conflicts in the evidence. See Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007); Johnson, 23 S.W.3d at 7. "Unless the available
record clearly reveals a different result is appropriate . . . [we] must defer to the jury's
determination concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor, and those jurors were
in attendance when the testimony was delivered." Johnson, 23 S.W.3d at 8. Thus, the jury
was entitled to weigh Karen's and appellant's testimony as to what happened on that
afternoon, and we must defer to the jury's determination. See id. 

 Based on the evidence adduced at trial, a rational jury could have found that
appellant knowingly broke into the house, caused damage to the "boombox," put Karen in
fear of an imminent assault, and prevented her from calling the police by grabbing the
telephone from her hands. See Tex. Penal Code Ann. § 42.062(a); Johnson, 23 S.W.3d
at 8; Beckham, 29 S.W.3d at 151; see also Hernandez, 819 S.W.3d at 810. Thus, viewing
the evidence in the light most favorable to the verdict, we conclude that the evidence
supporting appellant's conviction is legally sufficient. See Jackson, 443 U.S. at 318-39;
Watson, 204 S.W.3d at 414-17. Furthermore, viewing the evidence in a neutral light, we
cannot say that the jury's verdict is clearly wrong, manifestly unjust, or against the great
weight and preponderance of the evidence. See Neal v. State, 256 S.W.3d 264, 275 (Tex.
Crim. App. 2008); Watson, 204 S.W.3d at 414. We therefore conclude that the evidence
is factually sufficient. See Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008). 
Accordingly, we overrule appellant's third and fourth issues.

V. Conclusion


 Having overruled all of appellant's issues, we affirm the judgment of the trial court.

 



 

 DORI CONTRERAS GARZA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Delivered and filed 

the 24th day of November, 2009.

1. Appellant testified that he had previously received a telephone call from Karen, which allegedly
caused him to suspect that Karen was contemplating suicide on the day of the incident. 
2. Karen stated at trial that appellant had abused her for thirty years and at the time of the incident and
that she and appellant were in the process of getting a divorce. Victor Hadash, a police officer with the Bay
City Police Department, noted in his testimony that, shortly after the incident, Karen had told him that: (1)
appellant had abused her for the last thirty years; (2) appellant moved out of the house in which Karen was
living in July 2007; and (3) the couple was in the process of getting divorced. However, on cross-examination,
Karen admitted that she never reported the abuse allegedly perpetrated by appellant to law enforcement. 
Karen further admitted that appellant had previously been to the house to repair a fence and to fix the hot
water heater.
3. Officer Hadash stated that he conducted the investigation of the incident, which included taking
statements from Karen about what had transpired on that afternoon.
4. Even if appellant had made the proper objection in a timely manner, we note that appellant was
afforded the opportunity to cross examine Karen regarding the statements she made to Officer Hadash. See
Crawford v. Washington, 541 U.S. 36, 61 (2004) ("[A]dmitting statements deemed reliable by a judge is
fundamentally at odds with the right of confrontation. To be sure, the [Confrontation] Clause's ultimate goal
is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands
not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible
of cross examination.") (Emphasis added.) 
5. A person commits an assault if the person:


 (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the
person's spouse;

 

 (2) intentionally or knowingly threatens another with imminent bodily injury, including the
person's spouse; or

 

 (3) intentionally or knowingly causes physical contact with another when the person knows
or should reasonably believe that the other will regard the contact as offensive or provocative.


Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2008).
6. Section 1.07(a)(42) of the penal code provides that a reasonable belief is "a belief that would be held
by an ordinary and prudent man in the same circumstances as the actor." Id. § 1.07(a)(42) (Vernon 2003).
7. Vaughn Dierlam, a police officer with the Bay City Police Department, testified that Karen did not
initially wish to press charges against appellant, but that she changed her mind in mid-March 2008.
8. Officer Hadash stated that the telephone was "in pieces" when he arrived at the house. Karen
testified that the telephone was inoperable after appellant had taken it from her and that she placed the
inoperable telephone on the cradle and got another telephone to make the call to police.